1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   MICHAEL E. YOUNG,

                                          NO:  14-CV-98-RMP
8                      Plaintiff,

        v.                                ORDER GRANTING MOTION TO
9                                         DISMISS

10  SPOKANE COUNTY; SPOKANE
    COUNTY SHERIFF'S
    DEPARTMENT; WALLY L.
11  LOUCKS, Deputy; GRIFFIN E.
    CRISWELL, Deputy; DARELL
12  STIDHAM, Deputy; SCOTT
    BONNEY, Deputy; DALE GOLMAN,
13  Sergeant,

14                    Defendants.

15

16        Before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule

17  of Civil Procedure 12(c).  ECF No. 2.  Plaintiff, who is represented by counsel, did

18  not respond.  The Court has reviewed the motion and is fully informed.

19        Plaintiff alleges that on or about December 27, 2009, officers of the Spokane

20  County Sheriff's Department responded to a call regarding a suicidal man and shot

ORDER GRANTING MOTION TO DISMISS ~ 1

Plaintiff after finding him holding a gun at his side.  ECF No. 1 at 37-40.  Plaintiff

claims that the officers, the Sheriff's Department, and Spokane County, are liable

in negligence and for violating his constitutional rights.  *See* ECF No. 1 at 38-39.

Defendants move for judgment on the pleadings pursuant to Rule 12(c),

arguing that the statute of limitations has run.  ECF No. 2 at 2-3.

Arguably, Plaintiff's failure to respond to the motion for judgment on the

pleadings justifies granting the motion.  Pursuant to the Local Rules, Plaintiff's

response was due 21 days after the motion was filed in the Court's electronic

system on April 23, 2014.  LR 7.1(b)(2)(B); ECF No. 2 at 4.  A party's failure to

comply with the requirements of LR 7.1(b) "may be deemed consent to the entry of

an Order adverse to the party who violate[d] [the rule]."  LR 7.1(d).

However, Defendants' motion would succeed on its merits as well.  The

Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed—

but early enough not to delay trial—a party may move for judgment on the

pleadings."  Fed. R. Civ. P. 12(c).  Judgment on the pleadings is appropriate if the

moving party clearly establishes that (1) no material issue of fact remains to be

resolved; and (2) it is entitled to judgment as a matter of law.  *Doleman v. Meiji*

*Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984).  In reviewing a motion

under Rule 12(c), all allegations of fact of the opposing party are accepted as true

and are construed in the light most favorable to that party.  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

A Rule 12(c) motion is "functionally identical" to a motion under Rule 12(b).  *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  A significant difference between the provisions is that a motion under Rule 12(c) is available only after the pleadings are closed.  *See Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) (where plaintiff filed motion for judgment on the pleadings before an answer was filed, the "motion was premature and should have been denied"); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 2004) (noting that "the defendant may not move under Rule 12(c) prior to filing an answer").

Defendants' motion for judgment on the pleadings is premature because they have not filed an answer.  However, if a defendant files a Rule 12(c) motion before its answer, the Court may construe it as a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *See Young v. Washington*, C06-1687-JCC, 2008 WL 2705587, at *3 (W.D. Wash. July 8, 2008), *aff'd in part, vacated in part*, 374 F. App'x 746 (9th Cir. 2010); *Dale v. Exec. Office of the President*, 164 F. Supp.2d 22, 24 (D.D.C. 2001).  In this case, where no prejudice will result from treating the Rule 12(c) motion as a Rule 12(b)(6) motion, the Court will construe Defendants' filing as a motion to dismiss under Rule 12(b)(6).

Defendants argue that this case should be dismissed because Plaintiff failed to bring his case within the applicable statute of limitations.  ECF No. 2 at 2-3. The Court may dismiss a claim under Rule 12(b)(6) on the basis that it is barred by a statute of limitations, but only when "the running of the statute is apparent on the face of the complaint."  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks omitted).

Federal courts apply state statutes of limitations for personal injury actions in evaluating claims brought under 42 U.S.C. § 1983.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369 (2004); *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011).  The statute of limitations for personal injury actions in Washington is three years.  RCW 4.16.080.

The Court applies federal law to determine when the statute of limitations begins to run.  *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).  "A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Id.* (internal quotation marks omitted).

According to the face of the complaint, Plaintiff's claims accrued on December 27, 2009.  *See* ECF No. 1 at 37.  Plaintiff did not file his original

1    complaint until February 28, 2014, ECF No. 1 at 7, more than three years after the

2    statute of limitations began to run.  Plaintiff's claims are time barred.

3        For the reasons discussed above, **IT IS HEREBY ORDERED**:

4        1.  Defendants' Motion to Dismiss, **ECF No. 2**, is **GRANTED**.

5        2.  This case is **DISMISSED WITH PREJUDICE** with each party to

6            bear its own expenses.

7        The District Court Clerk is directed to enter this Order, provide copies to

8    counsel, and **CLOSE** this case.

9        **DATED** this 25th day of June 2014.

10

11            _____*s/ Rosanna Malouf Peterson*_____
                ROSANNA MALOUF PETERSON
12              Chief United States District Court Judge

13

14

15

16

17

18

19

20

ORDER GRANTING MOTION TO DISMISS ~ 5